**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| KEVIN NELSON and AURA NELSON, | : :<br>: : |
| Plaintiffs, | : : |
| v. | : :     CIVIL ACTION NO. _____ |
| GOBRANDS, INC. (d/b/a "goPuff") and<br>GB LOGISTICS, LLC, | : :<br>: : |
| Defendants. | : :<br>: |

**NOTICE OF REMOVAL**

Defendants GoBrands, Inc. and GB Logistics, LLC (collectively, "Defendants") hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1332(d)(2), 1441(a), 1446, and 1453(b). Defendants' grounds for removal of this action are as follows:

**Factual and Procedural Background**

1.      On or about October 5, 2020, Plaintiffs Kevin Nelson and Aura Nelson ("Plaintiffs") commenced this action against Defendants by filing a Class Action Complaint ("Complaint") in the Court of Common Pleas for Philadelphia County, Pennsylvania.  The matter is captioned *Nelson, et al.. v. GoBrands, Inc., et al.*, Civil Case No. 201000217.  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2.      Plaintiffs allege in their Complaint that they work, or have worked, as "Delivery Drivers" (referred to by Defendants, and herein, as "Driver Partners") for Defendants in the State of Illinois, and that they are classified by Defendants as "non-employee independent contractors."  *See* Complaint, Ex. A, ¶¶ 12-14.

3.      Plaintiffs, on behalf of themselves and two putative classes consisting of "all individuals who worked as [Driver Partners] for Defendants" in the State of Illinois during certain specified time periods, purport to assert statutory claims arising under Illinois law against Defendants.  *See* Complaint, Ex. A, ¶¶ 23-24.

4.      Specifically, Plaintiffs purport to assert claims of alleged violations of the Illinois Wage Payment and Collection Act ("IWPCA") as to all Driver Partners who worked for Defendants "at any time between October 5, 2010 and the present in the State of Illinois" (Count I); and alleged violations of the Illinois Minimum Wage Act ("IMWL") as to all Driver Partners who worked for Defendants "at any time between October 5, 2017 and the present in the state of Illinois" (Count II).  *See* Complaint, Ex. A., ¶¶ 23-24, 32-43.

5.      The relief sought by Plaintiffs includes class certification; reimbursement for all work-related expenses; unpaid overtime premium compensation for hours worked over 40 in a week; any penalties and/or statutory damages available under the IWPCA and IMWL; prejudgment interest; and litigation costs, expenses, and attorneys' fees.  *See* Complaint, Ex. A., Prayer for Relief.

6.      According to the Affidavits of Service filed by Plaintiffs, the Complaint in this action was served on October 14, 2020.

7.      Defendants have not yet filed any responsive pleading to the Complaint.

## Grounds for Removal

8.      As detailed below, this Court has original diversity jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), in that:

a.      the putative class consists of at least 100 members;

b.      the citizenship of Defendants is different from the named Plaintiffs and the proposed class members; and

c.      the aggregate amount in controversy exceeds five million dollars ($5,000,000), exclusive of interest and costs.

9.      As to the number of putative class members, Plaintiffs allege in their Complaint that "[m]ore than 40 individuals have worked as [Driver Partners] in the State of Illinois during the relevant statutory period." *See* Complaint, Ex. A, ¶ 10.

10.     Between May 29, 2016 (the date on which Defendants began operating in the State of Illinois) and the present, at least 250 Delivery Drivers have worked and/or currently work as Driver Partners for Defendants in the State of Illinois.

11.     As to diversity of citizenship of the parties, Plaintiffs allege in their Complaint that they reside at 6151 North Winthrop Avenue, Chicago, Illinois. *See* Complaint, Ex. A, ¶¶ 1-2. Thus, Plaintiffs are both citizens of Illinois.

12.     Upon information and belief, and based on the allegations of Plaintiffs' Complaint, all members of the putative classes alleged therein are citizens of Illinois. *See id.* ¶¶ 10, 23-24.

13.     Defendant GoBrands, Inc. (d/b/a goPuff) is a corporation organized and existing under the laws of the State of Delaware. *See* "Entity Details" from Delaware Department of State, Division of Corporations, a true and correct copy of which is attached hereto as **Exhibit B**. The corporate headquarters and "nerve center" of Defendant GoBrands, Inc. is located at 537 North 3rd Street, Philadelphia, Pennsylvania 19123. Thus, Defendant GoBrands, Inc. is a citizen of Delaware and Pennsylvania pursuant to 28 U.S.C. § 1332(c).

14.     Defendant GB Logistics, LLC is a limited liability company organized and existing under the laws of the State of Delaware.  *See* "Entity Details" from Delaware Department of State, Division of Corporations, a true and correct copy of which is attached hereto as **Exhibit C**.  The sole member of Defendant GB Logistics, LLC is Defendant GoBrands, Inc.  The corporate headquarters and "nerve center" of Defendant GB Logistics, LLC is located at 537 North 3rd Street, Philadelphia, Pennsylvania 19123.  Thus, Defendant GB Logistics, LLC is also a citizen of Delaware and Pennsylvania.  *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) (observing that the citizenship of a limited liability company is determined by the citizenship of its members).

15.     Pursuant to 28 U.S.C. § 1332(d)(2)(A), a putative class action is subject to removal where "any member of a class of plaintiffs is a citizen of a State different from any defendant."  Here, there is the requisite minimal (and, indeed, complete) diversity of citizenship among the parties pursuant to 28 U.S.C. § 1332.

16.     Such minimal and complete diversity existed as of the date of the filing of the Complaint and as of the date of the filing of this Notice of Removal.

17.     Pursuant to 28 U.S.C. § 1332(d)(2), an action is removable under CAFA only where "the matter in controversy exceeds the sum or value of $5,000,000."  This amount in controversy for a putative class action being removed under CAFA is based on the *aggregated* claims of the entire class or classes, exclusive of interest and costs.  28 U.S.C. § 1332(d)(6).

18.     Where no specific amount of damages are alleged by Plaintiffs in a complaint filed in state court, the Court should undertake "a reasonable reading of the value of the rights being litigated" and not focus on "the low end of an open-ended claim."  *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

19.     Further, when the amount in controversy is unclear from the face of a state court complaint, removing defendants need only make a "plausible allegation" that the amount in controversy exceeds $5,000,000. *See Dart Cherokee Operating Basin Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). Removing defendants need not submit any evidence with their notice of removal in support of those allegations. *Id.*

20.     While Defendants do not admit, concede or accept the truth of the allegations of Plaintiffs' Complaint, and specifically deny that Plaintiffs -- or any putative class members -- are entitled to any monetary or other relief, the amount in controversy here meets the jurisdictional threshold under 28 U.S.C. § 1332(d)(2).

21.     Specifically, while the Complaint does not specify any total amount in controversy, in Count I of the Complaint, Plaintiffs and the proposed IWPCA class "seek reimbursement for all expenses they were required to incur in the course of their work for Defendants during the relevant statutory period." *See* Complaint, Ex. A, ¶ 37.

22.     In Count II of the Complaint, Plaintiffs and the proposed IMWL class seek "unpaid overtime compensation, attorneys' fees, costs, and damages of 2% of the amount of any such underpayments for each month following the date of payment during which the unpaid overtime wages remain unpaid." *See* Complaint, Ex. A, ¶ 43.

23.     Per the Civil Cover Sheet completed by Plaintiffs in connection with the filing of their Complaint, Plaintiffs expressly represented that the amount claimed by Plaintiffs is "more than $50,000." *See* Civil Cover Sheet, Ex. A. Thus, if each individual Plaintiff claims to have sustained at least $25,000 in damages, the claims asserted by a putative class consisting of at least 200 Driver Partners will total, in the aggregate, over $5,000,000 in alleged damages.

24.     For each of these reasons, this Court possesses original jurisdiction over this action pursuant to this Court's diversity jurisdiction under CAFA. *See generally* 28 U.S.C. § 1332(d).  Accordingly, this action is properly removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441(a), 1446, and 1453(b).

## Defendants' Compliance with Removal Statutes

25.     Defendants' Notice of Removal is timely under 28 U.S.C. § 1446(b) because it has been filed within thirty (30) days of the date of service of Plaintiffs' Complaint set forth in Plaintiffs' Affidavits of Service, and both Defendants consent to removal.

26.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served on Defendants to date are attached hereto as Exhibit A.

27.     Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal, together with a true and correct copy of the Notice of Removal, will promptly be filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania.

28.     Written notice of the filing of this Notice of Removal is being served by Federal Express on counsel for Plaintiffs pursuant to 28 U.S.C. § 1446(d).

## Non-Waiver of Defenses and Counterclaims

29.     By removing this action to this Court, Defendants do not waive any available defenses or counterclaims, nor do Defendants make any admissions or concessions concerning the allegations of Plaintiffs' Complaint, whether relating to the amount in controversy or otherwise.

**WHEREFORE**, pursuant to 28 U.S.C. §§ 1332(d)(2), 1441(a), 1446, and 1453(b), Defendants respectfully request that Plaintiffs' putative class action be removed from the Court of Common Pleas for Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Dated:  October 30, 2020                  Respectfully submitted,

                                              s/ Cathleen M. Devlin
                                              Cathleen M. Devlin, Esquire
                                              Albert F. Moran, Esquire
                                              PA Attorney ID Nos. 73680 & 318683
                                              Saul Ewing Arnstein & Lehr LLP
                                              Centre Square West
                                              1500 Market Street, 38th Floor
                                              Philadelphia, PA 19102
                                              (215) 972-8562
                                              *cathleen.devlin@saul.com*
                                              *albert.moran@saul.com*

                                              Attorneys for Defendants GoBrands, Inc.
                                              (d/b/a goPuff) and GB Logistics, LLC

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing *Notice of Removal* and

accompanying Exhibits A through C were served today upon the following counsel of record for

Plaintiffs via Federal Express, addressed as follows:

Peter Winebrake, Esq.
R. Andrew Santillo, Esq.
Mark J. Gottesfeld, Esq.
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025

Shannon Liss-Riordan, Esq.
Olena Savytska, Esq.
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Ste. 2000
Boston, MA 02116

*Attorneys for Plaintiffs*

s/ Cathleen M. Devlin
Cathleen M. Devlin

Dated:  October 30, 2020