IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN NELSON and AURA NELSON,<br><br>Plaintiffs,<br><br>v.<br><br>GOBRANDS, INC. (d/b/a goPuff) and<br>GB LOGISTICS, LLC,<br><br>Defendants. | No. 2:20-cv-05424-JMY |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANTS GOBRANDS, INC. (D/B/A GOPUFF) AND GB LOGISTICS, LLC
TO PLAINTIFFS' CLASS ACTION COMPLAINT**

Defendants GoBrands, Inc. (d/b/a goPuff) and GB Logistics, LLC (collectively, "Defendants"), by and through their undersigned counsel, hereby answer the Class Action Complaint of Plaintiffs Kevin Nelson and Aura Nelson (collectively, "Plaintiffs") as follows:

1. Admitted in part and denied in part. It is admitted only that, upon information and belief, Plaintiff Kevin Nelson resided at the referenced address at certain points in time preceding the commencement of this action. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that he currently resides at the referenced address, and this allegation is therefore denied. The remaining allegations of this paragraph, and any and all allegations or characterizations of this paragraph that are inconsistent with the foregoing, are also denied. By way of further answer, it is specifically denied that Plaintiff Kevin Nelson would be an appropriate member of any purported class in this action.

2. Admitted in part and denied in part. It is admitted only that, upon information and belief, Plaintiff Aura Nelson resided at the referenced address at certain points in time preceding the commencement of this action. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that she currently resides at the referenced address, and this allegation is therefore denied. The remaining allegations of this paragraph, and any and all allegations or characterizations of this paragraph that are inconsistent with the foregoing, are also denied. By way of further answer, it is specifically denied that Plaintiff Aura Nelson would be an appropriate member of any purported class in this action.

3. Admitted. It is admitted only that Defendant GoBrands, Inc. is a Delaware corporation that is registered to do business in Pennsylvania. Any and all allegations or characterizations of this paragraph that are inconsistent with the foregoing, are denied.

4. Admitted in part and denied in part. It is admitted only that Defendant GB Logistics, LLC is a Delaware limited liability company that is registered to do business in Pennsylvania. The remaining allegations of this paragraph, and any and all allegations or characterizations of this paragraph that are inconsistent with the foregoing, are denied.

5. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required; to the extent that a response may be required, these allegations are denied. Any and all allegations or characterizations of this paragraph that are inconsistent with the foregoing are also denied.

6. Admitted in part and denied in part. It is admitted only that Defendants conduct business in Philadelphia, Pennsylvania and maintain their corporate headquarters and "nerve center" there. By way of further answer, certain of the allegations of this paragraph constitute

conclusions of law to which no response is required; to the extent that a response may be required, these allegations are denied. The remaining allegations of this paragraph, and any and all allegations or characterizations of this paragraph that are inconsistent with the foregoing, are also denied.

7. Admitted in part and denied in part. It is admitted that the referenced website is maintained by Defendant GoBrands, Inc. ("GoBrands"). It is specifically denied that the referenced website is maintained by Defendant GB Logistics, LLC ("GB Logistics"). By way of further answer, Plaintiffs' conflation of the roles of GoBrands and GB Logistics in this paragraph, and throughout the Complaint, is also specifically denied. The remaining averments set forth in this paragraph purport to characterize pages of the www.gopuff.com website as of October 2, 2020, which contain written material that speaks for itself; any and all allegations or characterizations inconsistent with the express terms thereof are denied. It is specifically denied that the website characterizations set forth in this paragraph are accurate at the current time. The remaining allegations of this paragraph, and any and all allegations or characterizations of this paragraph that are inconsistent with the foregoing, are also denied.

8. Admitted in part and denied in part. It is admitted only that GoBrands operates micro-fulfillment centers that serve cities, including cities located within the State of Illinois. It is specifically denied that GB Logistics operates any warehouse facilities or micro-fulfillment centers. By way of further answer, the referenced page of the www.gopuff.com website as of October 2, 2020 contains written material that speaks for itself; any and all allegations or characterizations inconsistent with the express terms thereof are denied. It is specifically denied that the website characterizations set forth in this paragraph are accurate at the current time. The

remaining allegations of this paragraph, and any and all allegations or characterizations of this paragraph that are inconsistent with the foregoing, are also denied.

9. Denied as stated. By way of further answer, Defendants refer to the referenced individuals as "Driver Partners" and as such, Plaintiffs' characterization of Driver Partners as "Delivery Drivers" in this paragraph and throughout the Complaint is specifically denied. Any and all allegations or characterizations of this paragraph that are inconsistent with the foregoing are also denied.

10. Admitted in part and denied in part. It is admitted only that more than 40 individuals have worked as Driver Partners in Illinois since goPuff began operating in Illinois. After reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to meaning of the term "relevant statutory period," and this allegation is therefore denied. The remaining allegations of this paragraph, and any and all allegations or characterizations of this paragraph that are inconsistent with the foregoing, are also denied.

11. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required; to the extent that a response may be required, these allegations are denied. By way of further answer, the referenced page of the www.gopuff.com website as of September 29, 2020 contains written material that speaks for itself; any and all allegations or characterizations inconsistent with the express terms thereof are denied. The remaining allegations of this paragraph, and any and all allegations or characterizations of this paragraph that are inconsistent with the foregoing, are also denied.

12. Admitted in part and denied in part. It is admitted only that Driver Partners are non-employee independent contractors, as set forth in their written agreements with GB

Logistics.  The remaining allegations of this paragraph, and any and all allegations or characterizations of this paragraph that are inconsistent with the foregoing, are denied.

13. Admitted in part and denied in part.  It is admitted only that Plaintiff Kevin Nelson was, at certain points in time beginning in October 2018, a Driver Partner who periodically used the GB Logistics platform for projects in Illinois.  It is specifically denied that Plaintiff Kevin Nelson was "based out of [Defendants'] Chicago, Illinois warehouse."  The remaining allegations of this paragraph, and any and all allegations or characterizations of this paragraph that are inconsistent with the foregoing, are also denied.

14. Admitted in part and denied in part.  It is admitted only that Plaintiff Aura Nelson was, at certain points in time beginning in December 2019 and ending in October 2020, a Driver Partner who periodically used the GB Logistics platform for projects in Illinois.  It is specifically denied that Plaintiff Aura Nelson was "based out of [Defendants'] Chicago, Illinois warehouse."  The remaining allegations of this paragraph, and any and all allegations or characterizations of this paragraph that are inconsistent with the foregoing, are also denied.

15. Admitted in part and denied in part.  It is admitted only that Driver Partners use vehicles to make deliveries to GoBrands' customers.  The remaining allegations of this paragraph, and any and all allegations or characterizations of this paragraph that are inconsistent with the foregoing, are denied.

16. Admitted in part and denied in part.  It is admitted only that, upon information and belief, Driver Partners may incur expenses and that Defendants have no knowledge and/or information as to any such expenses.  The remaining allegations of this paragraph, and any and all allegations or characterizations of this paragraph that are inconsistent with the foregoing, are denied.

17. Admitted in part an denied in part.  It is admitted only that Driver Partners are permitted to notify GB Logistics of blocks of time during which they make themselves available to make deliveries.  It is specifically denied that Driver Partners are "required to sign up for" such blocks of time.  The remaining allegations of this paragraph, and any and all allegations or characterizations of this paragraph that are inconsistent with the foregoing, are also denied.

18. Denied as stated.  Any and all allegations or characterizations of this paragraph that are inconsistent with the foregoing are also denied.

19. Denied as stated.  It is specifically denied that any "warehouses" are "assigned" to Driver Partners; to the contrary, Driver Partners select the cities in which they undertake deliveries.  The remaining allegations of this paragraph, and any and all allegations or characterizations of this paragraph that are inconsistent with the foregoing, are also denied.

20. Denied as stated, both as to Driver Partners generally and Plaintiff Aura Nelson specifically.  Any and all allegations or characterizations of this paragraph that are inconsistent with the foregoing are also denied.

21. Admitted in part and denied in part.  It is admitted only that Delivery Drivers are paid a set amount for each delivery made.  The remaining allegations of this paragraph, and any and all allegations or characterizations of this paragraph that are inconsistent with the foregoing, are denied.

22. Denied.  The allegations of this paragraph constitute conclusions of law to which no response is required; to the extent that a response may be required, these allegations are denied.  Any and all allegations or characterizations of this paragraph that are inconsistent with the foregoing are also denied.

23.     Admitted in part and denied in part. It is admitted that Plaintiffs purport to bring a claim against Defendants on behalf of themselves and similarly situated Driver Partners under the Illinois Wage Payment and Collection Act, and that Plaintiffs purport to style their claim as a class action. It is specifically denied that the use of the class action mechanism is appropriate in this action. Further, the allegations of this paragraph which purport to characterize the allegations of Plaintiffs' Complaint, a document in writing that speaks for itself, are denied. All allegations or characterizations of this paragraph that are inconsistent with the foregoing are also denied.

24.     Admitted in part and denied in part. It is admitted that Plaintiffs purport to bring a claim against Defendants on behalf of themselves and similarly situated Driver Partners under the Illinois Minimum Wage Law, and that Plaintiffs purport to style their claim as a class action. It is specifically denied that the use of the class action mechanism is appropriate in this action. Further, the allegations of this paragraph which purport to characterize the allegations of Plaintiffs' Complaint, a document in writing that speaks for itself, are denied. All allegations or characterizations of this paragraph that are inconsistent with the foregoing are also denied.

25.     Denied. It is specifically denied that the use of the class action mechanism is appropriate in this action. By way of further answer, certain of the allegations of this paragraph constitute conclusions of law to which no response is required; to the extent that a response may be required, these allegations are denied. The remaining allegations of this paragraph, and any and all allegations or characterizations of this paragraph that are inconsistent with the foregoing, are also denied.

26.     Denied. Plaintiffs' allegations regarding numerosity are speculative and lack any factual foundation, rendering these allegations insufficient to justify the use of the class action

mechanism in this action. By way of further answer, certain of the allegations of this paragraph constitute conclusions of law to which no response is required; to the extent that a response may be required, these allegations are denied. The remaining allegations of this paragraph, and any and all allegations or characterizations of this paragraph that are inconsistent with the foregoing, are also denied.

27. Denied. Plaintiffs' allegations regarding commonality are speculative and lack any factual foundation, rendering these allegations insufficient to justify the use of the class action mechanism in this action. By way of further answer, certain of the allegations of this paragraph constitute conclusions of law to which no response is required; to the extent that a response may be required, these allegations are denied. The remaining allegations of this paragraph, and any and all allegations or characterizations of this paragraph that are inconsistent with the foregoing, are also denied.

28. Denied. Plaintiffs' allegations regarding typicality are speculative and lack any factual foundation, rendering these allegations insufficient to justify the use of the class action mechanism in this action. By way of further answer, certain of the allegations of this paragraph constitute conclusions of law to which no response is required; to the extent that a response may be required, these allegations are denied. The remaining allegations of this paragraph, and any and all allegations or characterizations of this paragraph that are inconsistent with the foregoing, are also denied.

29. Denied. It is specifically denied that Plaintiffs' interests are aligned with the interests of each member of the proposed classes, given that there may be material conflicts between Plaintiffs and many of the purported class members. By way of further answer, certain of the allegations of this paragraph constitute conclusions of law to which no response is

required; to the extent that a response may be required, these allegations are denied. The remaining allegations of this paragraph, and any and all allegations or characterizations of this paragraph that are inconsistent with the foregoing, are also denied.

30. Denied. It is specifically denied that Plaintiffs could fairly and adequately protect the interest of any purported class, given that there may be material conflicts between Plaintiffs and many of the purported class members. After reasonable investigation, Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations of this paragraph, and these allegations are therefore denied. All allegations or characterizations of this paragraph that are inconsistent with the foregoing are also denied.

31. Denied. It is specifically denied that the use of the class action mechanism is appropriate in this action. By way of further answer, certain of the allegations of this paragraph constitute conclusions of law to which no response is required; to the extent that a response may be required, the allegations of this paragraph are denied. All allegations or characterizations of this paragraph that are inconsistent with the foregoing are also denied.

## COUNT I
### Illinois Wage Payment and Collection Act

32. Defendants incorporate their responses to the allegations set forth in Paragraphs 1 through 31 as though fully set forth herein.

33. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required; to the extent that a response may be required, these allegations are denied. Any and all allegations or characterizations of this paragraph that are inconsistent with the foregoing are also denied.

34. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required; to the extent that a response may be required, these allegations are

denied.  Any and all allegations or characterizations of this paragraph that are inconsistent with the foregoing are also denied.

35. Denied.  The allegations of this paragraph constitute conclusions of law to which no response is required; to the extent that a response may be required, these allegations are denied.  Any and all allegations or characterizations of this paragraph that are inconsistent with the foregoing are also denied.

36. Denied.  The allegations of this paragraph constitute conclusions of law to which no response is required; to the extent that a response may be required, these allegations are denied.  Any and all allegations or characterizations of this paragraph that are inconsistent with the foregoing are also denied.

37. Denied.  The allegations of this paragraph constitute conclusions of law to which no response is required; to the extent that a response may be required, these allegations are denied.  Any and all allegations or characterizations of this paragraph that are inconsistent with the foregoing are also denied.

**WHEREFORE**, Defendants respectfully request that this Court deny Plaintiffs' attempt to certify any proposed class, and enter judgment in their favor and against Plaintiffs, together with costs of suit, reasonable attorneys' fees, and any and all such other relief as this Court may deem just and proper.

## COUNT II
### Illinois Minimum Wage Law

38. Defendants incorporate their responses to the allegations set forth in Paragraphs 1 through 37 as though fully set forth herein.

39. Denied.  The allegations of this paragraph constitute conclusions of law to which no response is required; to the extent that a response may be required, these allegations are

denied. Any and all allegations or characterizations of this paragraph that are inconsistent with the foregoing are also denied.

40. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required; to the extent that a response may be required, these allegations are denied. Any and all allegations or characterizations of this paragraph that are inconsistent with the foregoing are also denied.

41. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required; to the extent that a response may be required, these allegations are denied. Any and all allegations or characterizations of this paragraph that are inconsistent with the foregoing are also denied.

42. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required; to the extent that a response may be required, these allegations are denied. Any and all allegations or characterizations of this paragraph that are inconsistent with the foregoing are also denied.

43. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required; to the extent that a response may be required, these allegations are denied. Any and all allegations or characterizations of this paragraph that are inconsistent with the foregoing are also denied.

**WHEREFORE**, Defendants respectfully request that this Court deny Plaintiffs' attempt to certify any proposed class, and enter judgment in their favor and against Plaintiffs, together with costs of suit, reasonable attorneys' fees, and any and all such other relief as this Court may deem just and proper.

**AFFIRMATIVE DEFENSES**

Defendants, as and for their separate defenses to Plaintiffs' Class Action Complaint, allege and state as follows:

1. Plaintiffs' Complaint fails, in whole or in part, to set forth claims upon which relief may be granted because, among other deficiencies, Plaintiffs have failed to identify the hours that they allege to have worked, the amount of any and all wages they claim they were denied, and/or other sufficient facts necessary to support their claims pursuant to the Illinois Wage Payment and Collection Act or the Illinois Minimum Wage Law.

2. Plaintiffs and the proposed class members are required to arbitrate their claims against Defendants pursuant to their applicable Technology Services Agreements entered into with GB Logistics and/or other pertinent agreements. Defendants file this Answer expressly reserving, and without to any extent waiving, their right to move to compel arbitration based on the arbitration clauses contained in these written agreements.

3. Plaintiffs' claims fail because Defendants at all times acted in conformity with and in reliance on the relevant statutes, laws, and written administrative regulations, orders, rulings, and interpretations of the relevant government agencies, and Defendants had reasonable grounds for believing that their actions were not in violation of these laws.

4. Plaintiffs and the proposed class members have suffered no legally cognizable damages as a consequence of any action or omission by Defendants, and were paid and received all monies to which they were or are entitled.

5. The claims of Plaintiffs and proposed class members may be barred, in whole or in part, by the defense of release, and/or accord and satisfaction.

6. The claims of Plaintiffs and the proposed class members may be barred, in whole

or in part, by the defense of consent and/or justification.

7. The claims of Plaintiffs and the proposed class members may be barred, in whole or in part, by the doctrines of waiver, estoppel, and/or "unclean hands."

8. Plaintiffs and the proposed class members may lack standing to bring their claims.

9. The claims of Plaintiffs and the proposed class members may barred by applicable statutes of limitation, statutes of repose, and/or the doctrine of laches.

10. Plaintiffs failed to mitigate any alleged damages. To the extent that Plaintiffs sustained any cognizable damages, which damages are specifically denied, such damages are the consequence of the acts or omissions of Plaintiffs, and/or Plaintiffs' agents or representatives, others acting on behalf of Plaintiffs, or other third parties for whom Defendants are not legally responsible and over whom Defendants have no control.

11. Plaintiffs cannot meet their rigorous burden of satisfying each of the prerequisites for class action certification pursuant to Federal Rule of Civil Procedure 23(a), including numerosity, commonality, typicality, and adequacy of representation.

12. Class treatment is an inappropriate method of adjudication of this action because, among other things, Plaintiffs' proposed classes are not ascertainable without extensive individualized factfinding, common issues do not predominate, Plaintiffs' claims are not typical, and Plaintiffs cannot fairly and adequately protect the interests of the proposed classes.

13. Class treatment is an inappropriate method of adjudication of this action because Plaintiffs' proposed classes are not so numerous that joinder of all proposed members is impracticable.

standard
14. A class action will not provide a fair and efficient method of adjudication of the controversy presented by this action and will not protect the interests of the proposed class members.

15. Individualized issues predominate over questions of law or fact common to the proposed classes, if any.

16. Class treatment is an inappropriate method of adjudication of this action due to the size of the proposed classes and the difficulties likely to be encountered in the management of this action as a class action.

17. The prosecution of separate actions by individual members of the proposed classes would not create a risk of inconsistent or varying adjudications or confront Defendants with incompatible standards of conduct.

18. The prosecution of separate actions by individual members of the proposed classes would not create a risk of adjudications which would be dispositive of the interests of other proposed class members or substantially impair or impede their ability to protect their interests.

19. Class treatment is an inappropriate method of adjudication of this action because the separate claims of individual proposed class members are sufficient to support separate actions, taking into account the complexities of the issues and the expenses of litigation.

20. Class treatment is an inappropriate method of adjudication of this action because it is unlikely that the amount which may be recovered by individual proposed class members, if any, would be so small in relation to the expense and effort of administering the action as not to justify a class action.

21.   Defendants have neither acted, nor refused to act, on grounds generally applicable to the proposed class.

22.   Plaintiffs' proposed class definitions are arbitrary and speculative.

23.   To the extent Plaintiffs and/or any proposed class members worked over 40 hours in one week, they are not eligible for overtime under the Illinois Wage Payment and Collection Act or Illinois Minimum Wage Law.

24.   The claims of Plaintiffs and the proposed class members may be are barred, in whole or in part, because they involve amounts of overtime that are insignificant and, thus, *de minimis*.

25.   The claims of Plaintiffs and the proposed class members may be barred, in whole or in part, because some or all of the activities on which the claims are based were not compensable.

26.   If the facts, as determined through discovery or at trial, reveal that Plaintiffs and/or any proposed class members engaged in efforts to alter records, or violate any established policies of Defendants, Plaintiffs and the proposed class members should be precluded from recovering on any claim related to such alterations and/or violations.

27.   To the extent that this Court finds there is any liability (which Defendants deny), Defendants are entitled to a set-off for any amounts already paid to which Plaintiffs and the proposed class members were not entitled, including, without limitation, payment for hours during which they were not working.

28.   Plaintiffs are not entitled to recover penalties from Defendants because, under the circumstances of this case, any such recovery would be unjust, arbitrary, and oppressive.

29. Defendants reserve the right to raise any additional defenses not raised herein of which they may become aware through discovery, further investigation, or otherwise, and reserve the right to amend or supplement their Answer and Affirmative Defenses to Plaintiffs' Class Action Complaint to assert any other defenses as they become available.

**WHEREFORE**, Defendants respectfully request that this Court deny Plaintiffs' attempt to certify any proposed class, and enter judgment in their favor and against Plaintiffs, along with costs of suit, reasonable attorneys' fees, and any and all such other and further relief as this Court deems just and proper.

Dated: November 6, 2020

s/ Cathleen M. Devlin
Cathleen M. Devlin, Esquire
Albert F. Moran, Esquire
PA Attorney ID Nos. 73680 & 318683
Saul Ewing Arnstein & Lehr LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-8562
cathleen.devlin@saul.com
albert.moran@saul.com

Attorneys for Defendants GoBrands, Inc.
(d/b/a goPuff) and GB Logistics, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of the foregoing *Answer and Affirmative Defenses of Defendants GoBrands, Inc. (d/b/a goPuff) and GB Logistics, LLC to Plaintiffs' Class Action Complaint* were served today upon the following counsel of record for Plaintiffs via the Court's ECF system and/or via United States Mail, addressed as follows:

Peter Winebrake, Esq.
R. Andrew Santillo, Esq.
Mark J. Gottesfeld, Esq.
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025

Shannon Liss-Riordan, Esq.
Olena Savytska, Esq.
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Ste. 2000
Boston, MA 02116

*Attorneys for Plaintiffs*

s/ Cathleen M. Devlin
Cathleen M. Devlin

Dated: November 6, 2020